# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

KATHRYN NARCISI

v.

TURTLEBOY DIGITAL MARKETING,
LLC D/B/A TURTLEBOYSPORTS.COM

C.A. No. 2019-cv-00329-JJM-PAS

## DECLARATION OF AIDAN KEARNEY

I, **AIDAN KEARNEY**, hereby make the following declaration:

1. I am the Manager, owner and sole operator of Worcester Digital Marketing LLC of Worcester, Massachusetts. The company was originally called Turtleboy Digital Marketing LLC. The name was changed to Worcester Digital Marketing LLC in 2016. Exhibits 1 and 3 attached hereto reflect the original organizational filing and the change of name.

2. Worcester Digital Marketing LLC (hereinafter "Worcester") is a limited liability company organized in and under the laws of the Commonwealth of Massachusetts with its principal and sole place of business in Worcester, Massachusetts.

3. I created Worcester. I am the sole owner and operator of Worcester. There are no other officers or employees. I do accept proposed postings from other individuals subject to my right to review and remove content. None of those individuals are known to me to be from Rhode Island.

4. I live and work in Massachusetts.

5. Worcester has no presence in the State of Rhode Island: it has no offices, employees, property or addresses in Rhode Island.

6. Worcester contracts no business with Rhode Island residents or businesses.

7. Worcester's revenue is internet-based.

8. Worcester derives no revenue identifiable to or targeted to Rhode Island.

9. Worcester pays no taxes in Rhode Island.

10. Worcester is not registered to do business in Rhode Island.

11. Worcester maintains websites called "turtleboysports.com" and "TBDailyNews.com."

12. Worcester is a blogging website. The 2014 Certificate of Organization is attached hereto as Exhibit 1 to this Declaration.

13. On the websites, I collect and comment on matters of public interest and conduct and report on investigative journalism.

14. I have used the website to expose corruption in the Massachusetts State Police. A February 18, 2018 Boston Globe editorial credited Turtleboysports.com for breaking two stories which led to the shakeup and departure of high-ranking members of the Massachusetts State Police.[1]

15. Worcester's business is exclusively internet-based. Its revenue is derived from placement of advertisements and internet sales of products offered on the internet. Worcester uses an ad network which manages both ad placement and revenue. It also offers a subscription for ad-free content.

---

[1] The editorial can be accessed at:
https://www.bostonglobe.com/opinion/editorials/2018/02/28/where-accountability-state-police/IZ0y2DRwGUPs5XNsoGuMoK/story.html

16. None of the ads or promotions appearing on our websites target Rhode Island or are directed to a specific geographical community. My postings and the ads appearing on our websites are in English and generally refer to issues of interest to people in the United States, but they can be accessed by anyone.

17. I decided to write about Plaintiff after Plaintiff's own internet postings came to my attention from a number of individuals (some of whom identify by real names and others by pseudonyms), including one pseudonymous contributor from western Massachusetts who I decided to credit with the original posting as "Western Mass Turtlegirl." However, I was largely responsible for the content and take full responsibility for it. Plaintiff had posted a video describing her treatment at a hospital, which she considered unacceptable. She urged her viewers to share her video to expand the coverage. When I was deciding to post the video, I also reviewed other postings and videos that Plaintiff had published on the internet and discovered that Plaintiff had extensively published both personal and business postings to the internet and Facebook communities. Other than a reference to the fact that the hospital at issue was located in Rhode Island, there was nothing about Plaintiff's posts or her community, or about my posts or my readers, related to Rhode Island as opposed to the internet community as a whole.

18. I did not find Plaintiff very sympathetic or entirely credible. I decided to re-post many of Plaintiff's publicly placed videos and postings and to add blog commentary about Plaintiff, taking a mocking and unflattering view of Plaintiff's internet publications and motivations.

19. The blog allows readers to post comments and reactions. Many do. I rarely read them or reply.

20. In blogging about Plaintiff, I did not invite, request or otherwise suggest that our readers communicate with Plaintiff.

21. Worcester had no communications with Plaintiff, directly or through her then-counsel, at any time prior to learning of the issuance of the temporary restraining order on May 22, 2019. Once I received a subpoena directing the company to appear in court in less than 48 hours, I did speak with Plaintiff's then-attorney. I have never spoken with Plaintiff.

22. I am the resident agent for Worcester. On May 22, 2019, at around 2:30 pm, a person who I believe was a Massachusetts constable (I do not have a name or card) hand-delivered a group of papers to me in Worcester, Massachusetts. I received the following: the Superior Court complaint (ECF 1-1), the motion for temporary restraining order (ECF 1-3), the TRO issued on May 16, 2019 (ECF 1-4), a subpoena directing the company to appear at court on May 24, 2019 at 9:30 am (attached as Exhibit 2 hereto), and the "Business Entity Summary" of the Commonwealth showing the Worcester's correct name and address (attached hereto as Exhibit 3).

23. I was not provided any document titled "summons" or directing that an answer or other response was required to be provided or a time frame to do so. I was not provided any document with the title "Language Assistance" in any language. I was provided a document entitled subpoena requiring the company to appear in less than 48 hours in Wakefield, Rhode Island. I was not provided any fee for attendance or mileage.

24. After I received the subpoena on May 22, 2019, for the company to appear in a court appearance approximately 80 miles away on May 24, 2019, I reached out to Plaintiff's then-attorney, who agreed to reschedule the matter to May 31, 2019.

25. I came to the Superior Court in Wakefield, Rhode Island on May 31, 2019 planning to speak for my company to oppose continuation of the temporary restraining order, which I considered a violation of the First Amendment and section 230 of the Communications Decency Act, 47 U.S.C. §230. But I am not a lawyer, and the judge advised me that I could not speak for the company. The matter was heard only on the motion of Plaintiff's counsel to withdraw, which was granted. Hearing on preliminary injunction was continued to June 19, 2019, to allow both parties time to obtain counsel.

26. I then reached out to the American Civil Liberties Union of Rhode Island, which agreed to provide assistance.

27. The case was removed to federal court on June 18, 2019. A copy of the Superior Court docket, after removal, is attached hereto as Exhibit 4.

In accordance with 28 U.S.C. § 1746, I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on 6/21/19

_____
AIDAN KEARNEY

5



# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

**Minimum Fee: $500.00**

**Special Filing Instructions**

## Certificate of Organization
(General Laws, Chapter )

**Federal Employer Identification Number:** 001152634 *(must be 9 digits)*

**1. The exact name of the limited liability company is:** TURTLEBOY DIGITAL MARKETING LLC

**2a. Location of its principal office:**
No. and Street: 116 BROOKLINE ST
City or Town: WORCESTER   State: MA   Zip: 01603   Country: USA

**2b. Street address of the office in the Commonwealth at which the records will be maintained:**
No. and Street: 116 BROOKLINE ST
City or Town: WORCESTER   State: MA   Zip: 01603   Country: USA

**3. The general character of business, and if the limited liability company is organized to render professional service, the service to be rendered:**
TURTLEBOY DIGITAL MARKETING IS A BLOGGING WEBSITE THAT WILL RAISE REVENUE THROUGH SELLING AD SPACE AND POSSIBLY MERCHANDISE. WE ALSO WILL OFFER COMPANIES TO CREATE BLOGS FOR THEM, AS WELL AS RUN THEIR SOCIAL MEDIA, AND IMPROVE THEIR SEARCH ENGINE OPTIMIZATION.

**4. The latest date of dissolution, if specified:**

**5. Name and address of the Resident Agent:**
Name: AIDAN KEARNEY
No. and Street: 116 BROOKLINE ST
City or Town: WORCESTER   State: MA   Zip: 01603   Country: USA

I, **AIDAN KEARNEY** resident agent of the above limited liability company, consent to my appointment as the resident agent of the above limited liability company pursuant to G. L. Chapter 156C Section 12.

**6. The name and business address of each manager, if any:**

| Title | Individual Name | Address (no PO Box) |
|---|---|---|
| | First, Middle, Last, Suffix | Address, City or Town, State, Zip Code |
| MANAGER | AIDAN T KEARNEY | 116 BROOKLINE ST WORCESTER, MA 01603 USA |

## EXHIBIT 1

| | First, Middle, Last, Suffix | Address, City or Town, State, Zip Code |
|---|---|---|
| SOC SIGNATORY | AIDAN T KEARNEY | 116 BROOKLINE ST<br>WORCESTER, MA 01603 USA |

**8. The name and business address of the person(s) authorized to execute, acknowledge, deliver and record any recordable instrument purporting to affect an interest in real property:**

| Title | Individual Name | Address (no PO Box) |
|---|---|---|
| | First, Middle, Last, Suffix | Address, City or Town, State, Zip Code |
| REAL PROPERTY | AIDAN T KEARNEY | 116 BROOKLINE ST<br>WORCESTER, MA 01603 USA |

**9. Additional matters:**

**SIGNED UNDER THE PENALTIES OF PERJURY, this 20 Day of November, 2014,**
<u>AIDAN KEARNEY</u>
*(The certificate must be signed by the person forming the LLC.)*

© 2001 - 2014 Commonwealth of Massachusetts
All Rights Reserved

# THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears that the provisions of the General Laws relative to corporations have been complied with, and I hereby approve said articles; and the filing fee having been paid, said articles are deemed to have been filed with me on:

November 20, 2014 03:18 PM

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT
### SUBPOENA - CIVIL

| Plaintiff/Petitioner | Civil Action File Number |
|---|---|
| KATHRYN NARCISI | WC-2019-252 |

| Defendant/Respondent |
|---|
| TURTLEBOY DIGITAL MARKETING, LLC D/B/A TURTLEBOYSP[ORTS] |

A True Copy Attest

Constable

☐ Murray Judicial Complex
Newport County
45 Washington Square
Newport, Rhode Island 02840-2913
*(401) 841-8330

☐ Noel Judicial Complex
Kent County
222 Quaker Lane
Warwick, Rhode Island 02886-0107
*(401) 822-6900

☑ McGrath Judicial Complex
Washington County
4800 Tower Hill Road
Wakefield, Rhode Island 02879-2239
*(401) 782-4121

☐ Licht Judicial Complex
Providence/Bristol County
250 Benefit Street
Providence, Rhode Island 02903-2719
*(401) 222-3230

TO: TURTLEBOY DIGITAL MARKETING, LLC D/B/A TURTLEBOYSPORTS.COM
of WORCESTER, MA

☑ **YOU ARE HEREBY COMMANDED** to appear in the Superior Court listed above at the date, time, and courtroom specified below to testify in the above-entitled case and bring with you:

| Courtroom | Date | Time |
|---|---|---|
| COURTROOM #1 | 5/24/2019 | 9:30 A.M. |

If you need language assistance, please contact the Office of Court Interpreters at (401) 222-8710 or by email at interpreterfeedback@courts.ri.gov before your court appearance.

* If an accommodation for a disability is necessary, please contact the Superior Court Clerk's Office at the telephone number listed above as soon as possible. TTY users can contact the Superior Court through Rhode Island Relay at 7-1-1 or 1-800-745-5555 (TTY) to voice number.

Page 1 of 3

Superior-51 (revised December 2014)

EXHIBIT 2

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPERIOR COURT

☐ **YOU ARE HEREBY COMMANDED** to appear at the location, date, and time specified below to testify at the taking of a deposition in the above-entitled case.

| Location of Deposition | Date | Time |
|---|---|---|
|  |  |  |

☐ **YOU ARE HEREBY COMMANDED** to produce and permit inspection and copying of the following documents or objects at location, date, and time specified below (list documents or objects): _____

_____
_____

| Location | Date | Time |
|---|---|---|
|  |  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which the person will testify. (Rule 30(b)(6) of the Superior Court Rule of Civil Procedure).

| /s/ CHRISTOPHER T. MILLEA, ESQ. | Rhode Island Bar Number: 5838 |
|---|---|
| Attorney for the ☑ Plaintiff/Petitioner ☐ Defendant/Respondent or ☐ Plaintiff/Petitioner ☐ Defendant/Respondent | Date: 5/21/2019 |

Telephone Number:

| Issued by ☐ Clerk, ☐ Notary, or ☐ Issuing Official pursuant to G.L. 1956 § 9-17-3 | Date: |
|---|---|
| /s/ _____ Clerk |  |

Name of Notary _____

Signature of Notary _____
Notary commission expires: _____
Notary identification number: _____

Name of Issuing Official _____

Signature of Issuing Official _____

Page 2 of 3

Superior-51 (revised December 2014)

# STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

> The following information is being provided pursuant to Rule 45(c), (d), and (e) of the Superior Court Rules of Civil Procedure.

(c) **Protection of Persons Subject to Subpoenas.**

  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within fourteen (14) days after service of the subpoena or before the time specified for compliance if such time is less than fourteen (14) days after service, serve upon the self-represented litigant or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

   (i) Fails to allow reasonable time for compliance;

   (ii) Requires disclosure of privileged or other protected matter and no exception or waiver applies; or

   (iii) Subjects a person to undue burden.

  (B) If a subpoena

   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

  the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **Duties in Responding to Subpoena.**

  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court in which the action is pending.

Superior-51 (revised December 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff/Petitioner | Civil Action File Number |
|---|---|
| KATHRYN NARCISI | WC-2019-252 |

| Defendant/Petitioner |
|---|
| TURTLEBOY DIGITAL MARKETING, LLC D/B/A TURTLEBOYSPORTS |

### PROOF OF SERVICE

☐ I hereby certify that on the date below I served a copy of this Subpoena on _____ personally.

☐ I hereby certify that I was unable to make service after the following reasonable attempts: _____

SERVICE DATE: ___/___/___  
          Month Day Year

SERVICE FEE $_____

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____  
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____  
My commission expires: _____  
Notary identification number: _____

Superior-51 (revised December 2014)




# William Francis Galvin
## Secretary of the Commonwealth of Massachusetts

### Corporations Division

# Business Entity Summary

**ID Number:** 001152634

Request certificate | New search

**Summary for:** WORCESTER DIGITAL MARKETING LLC

| | |
|---|---|
| The exact name of the Domestic Limited Liability Company (LLC): | WORCESTER DIGITAL MARKETING LLC |
| The name was changed from: TURTLEBOY DIGITAL MARKETING LLC on 12-06-2016 | |
| The name was changed from: TURTLEBOY DIGITAL MARKETING LLC on 12-06-2016 | |
| Entity type: | Domestic Limited Liability Company (LLC) |
| Identification Number: | 001152634 |
| Date of Organization in Massachusetts: 11-20-2014 | |
| | Last date certain: |

The location or address where the records are maintained (A PO box is not a valid location or address):

Address: 51 UNION STREET, SUITE 320
City or town, State, Zip code, Country: WORCESTER, MA 01605 USA

**The name and address of the Resident Agent:**

Name: AIDAN T KEARNEY
Address: 2 FOSTER STREET
City or town, State, Zip code, Country: WORCESTER, MA 01608 USA

**The name and business address of each Manager:**

| Title | Individual name | Address |
|---|---|---|
| MANAGER | AIDAN T KEARNEY | 111 MASON RD JEFFERSON, MA 01522 USA |

In addition to the manager(s), the name and business address of the person(s) authorized to execute documents to be filed with the Corporations Division:

| Title | Individual name | Address |
|---|---|---|
| SOC SIGNATORY | AIDAN T KEARNEY | 111 MASON RD JEFFERSON, MA 01522 USA |
| SOC SIGNATORY | AIDAN T KEARNEY | 111 MASON RD JEFFERSON, MA 01522 USA |

**EXHIBIT 3**

and business address of the person(s) authorized to execute, acknowledge, and record any recordable instrument purporting to affect an interest in real

| Individual name | Address |
|---|---|
| AIDAN T KEARNEY | 111 MASON RD JEFFERSON, MA 01522 USA |

PROPERTY

☐ Consent ☐ Confidential Data ☐ Merger Allowed ☐ Manufacturing

**View filings for this business entity:**

ALL FILINGS
Annual Report
Annual Report - Professional
Articles of Entity Conversion
Certificate of Amendment

[View filings]

**Comments or notes associated with this business entity:**

[New search]

Washington County Superior Court

# Case Summary

### Case No. WC-2019-0252

| | | |
|---|---|---|
| **KATHRYN NARCISI v. Turtleboy Digital Marketing, LLC** § § § | Location: Filed on: US District Court Case Number: | **Washington County Superior Court** **05/13/2019** **1:19-cv-00329** |

---

## Case Information

**Statistical Closures**  
06/18/2019 Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: Injunctive Relief  
Case Status: **06/18/2019 Closed**

---

## Party Information

**Plaintiff**    NARCISI, KATHRYN DIANA

**Defendant**    Turtleboy Digital Marketing, LLC

---

## Case Events

05/13/2019    Complaint Filed

05/13/2019    Motion for Temporary Restraining Order

05/16/2019    Restraining Order Issued    (Judicial Officer: McGuirl, Associate Justice Susan E.)

05/30/2019    Motion to Withdraw

06/18/2019     Notice of Removal

06/18/2019    Closed-Non Trial-Unassigned-Removed to Federal Court

---

## Hearings

05/13/2019    **Temporary Restraining Order**    (Judicial Officer: McGuirl, Associate Justice Susan E.)
    *Heard and Granted*

05/31/2019    **Preliminary Injunction**    (Judicial Officer: McGuirl, Associate Justice Susan E.)
    05/24/2019 Reset by Court to 05/31/2019
    *Continued*

05/31/2019    **Hearing on Motion to Withdraw**    (Judicial Officer: McGuirl, Associate Justice Susan E.)
    *Heard and Granted*

06/19/2019    *CANCELED* **Preliminary Injunction**    (Judicial Officer: McGuirl, Associate Justice Susan E.)
    *Other*

---

## Other Documents

# EXHIBIT 4

# Case Summary

**Case No. WC-2019-0252**

| | 06/18/2019 | Public PDF | docket sheet | 1 Pages |
| | 06/18/2019 | Public PDF | clerks certificate | 1 Pages |
| | 06/18/2019 | Public PDF | US District Court Removal | 30 Pages |
| | 06/18/2019 | Public PDF | Appeal Index | 1 Pages |

## Financial Information

**Plaintiff**   NARCISI, KATHRYN DIANA

| | |
|---|---:|
| Total Financial Assessment | 180.75 |
| Total Payments and Credits | 0.00 |
| **Balance Due as of 6/18/2019** | **180.75** |

| | | |
|---|---|---:|
| 05/13/2019 | Transaction Assessment | 180.75 |