# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

KATHRYN NARCISI

v.

TURTLEBOY DIGITAL MARKETING, LLC D/B/A TURTLEBOYSPORTS.COM

C.A. No. 2019-cv-00329-JJM-PAS

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND NOTICE OF REMOVAL

Defendant Worcester Digital Marketing LLC, formerly known as Turtleboy Digital Marketing LLC, by its attorney, submits the within memorandum of law in support of its motion to amend its previously filed Notice of Removal to affirmatively state, in addition to all statements contained therein, that the sole principal and manager of Defendant Worcester Digital Marketing LLC is Aidan Kearney, a citizen and resident of the Commonwealth of Massachusetts.

In its Removal Notice, Defendant affirmatively stated that it is a citizen of the Commonwealth of Massachusetts. This is correct. However, the Notice did not state affirmatively the citizenship of each of its principals and managers. Because citizenship of a limited liability company is determined by the citizenship of its members, *see, e.g., Miller v. BMW of North America, LLC,* 2018 WL 6243019 (E.D.Cal. 2018), the Defendant seeks to amend the Removal Notice to set forth the citizenship of its sole member, Aidan Kearney, a citizen of the Commonwealth of Massachusetts.

In support of the motion, Defendant relies upon the Declaration of Aidan Kearney and exhibits thereto, which attest under oath that Kearney is the sole manager of Defendant and a resident of the Commonwealth of Massachusetts. The Declaration is filed in support of the Motion to Dismiss the complaint filed this day.

"Courts may grant leave to amend notices of removal where the jurisdictional allegations are not omitted entirely, but rather defective in form." *Miller v. BMW of North America, supra* at *2 (collecting cases; granting leave to amend). During the initial thirty-day period to remove, defendant has a right to amend without leave;[1] after the expiration of the initial thirty days, leave to amend is provided by 28 U.S.C. §1653. *See, e.g., A.E.A. ex rel. Angelopoulos v. Volvo Penta of the Americas, LLC,* 77 F.Supp. 3d 481, 485-486 (E.D. Va. 2015). "Indeed, amendment to show that diversity jurisdiction actually exists, although defectively pleaded, is specifically allowed by 28 U.S.C. § 1653 which provides that '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.' See Moore, supra, ¶ 15.09, at 15–102. This statute is normally construed liberally so as to avoid dismissals of complaints on technical grounds. Topp v. CompAir, Inc., 814 F.2d 830, 832 n. 2 (1st Cir.1987) (citation omitted)." *Odishelidze v. Aetna Life & Cas. Co.,* 853 F.2d 21, 24 (1st Cir. 1988).

Wherefore the Defendant respectfully moves that the Court grant it leave to amend the Notice of Removal (Amended) in the form attached hereto and to deem the amended Notice as filed.

Defendant,
By its attorney,

 /s/ Lynette Labinger
Lynette Labinger #1645
128 Dorrance Street, Box 710
Providence, RI 02903
401-465-9565
ll@labingerlaw.com
Cooperating counsel,
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF RHODE ISLAND

---

[1] In the matter at bar, Defendant does not concede that the initial thirty-period has run, since it disputes service of the complaint having been made in its companion motion to dismiss.

## **CERTIFICATION**

I hereby certify that on June 24, 2019, a true copy of this document was delivered electronically using the CM/ECF system to all counsel of record and a copy provided by mail to Kathryn Narcisi, 349 Tomaquag Road, Hopkinton, RI 02804.

                                          /s/ Lynette Labinger