UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KATHRYN NARCISI, <br><br> Plaintiff, <br><br> v. <br><br> TURTLEBOY DIGITAL <br> MARKETING, LLC d/b/a <br> TURTLEBOYSPORTS.COM <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 1:19-CV-00329-MSM-PAS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

This matter comes before the Court on the Defendant Turtleboy Digital Marketing, LLC's ("Turtleboy") Motion to Dismiss for lack of personal jurisdiction.

For the following reasons, the Court **GRANTS** Turtleboy's Motion to Dismiss (ECF No. 10).

### I. BACKGROUND

Turtleboy is a Massachusetts Limited Liability Company operating two blogging websites: www.turtleboysports.com and www.TBDailynews.com. (ECF No. 10-2.) The Plaintiff, Kathryn Narcisi ("Narcisi"), is a Rhode Island resident with both a personal and commercial social media presence on platforms including Facebook and Instagram. (ECF No. 1-1.)  In February 2019, Turtleboy published a story on www.turtleboysports.com entitled "Failure Swift Gets Kicked Out Of Warwick's Kent Hospital For Faking Sickness, Posts Facebook Video Whining In Lobby, Tries to Get

1

National News Attention Despite Long History of GoFundMe" featuring photos of Narcisi and content copied from her social media accounts. (ECF No. 22.) Narcisi is identified by name, as is the City of Warwick, Rhode Island. (ECF No. 1-1.) Narcisi claims that damage to her reputation and harassing messages from Turtleboy's readers resulted from the publication.

In her Complaint, Narcisi alleges that the story on Turtleboy's website amounted to defamation and she asserts a libel claim for which she seeks compensatory and injunctive relief.

Narcisi filed her original Complaint in Rhode Island Superior Court. Turtleboy removed the case to this Court and now seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.[1]

## II. DISCUSSION

"On a motion to dismiss for want of personal jurisdiction, the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Mass. Sch. of Law at Andover, Inc. v. Amer. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)). The district court may decide "a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing" and "the 'prima facie' standard governs its determination." *United States v. Swiss Amer. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001) (citing

---

[1] Turtleboy also sought dismissal on grounds of improper service of process but has since entered a stipulation withdrawing that argument from its Motion to Dismiss. (ECF No. 24.)

2

*United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 43 (1st Cir. 1993); *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992)).

To satisfy the prima facie standard, the plaintiff "must submit competent evidence showing sufficient dispute-related contacts between the defendant and the forum." *Carreras v. PMG Collins*, 660 F.3d 549, 552 (1st Cir. 2011) (citing *Barrett v. Lombardi*, 239 F.3d 23, 26 (1st Cir. 2001); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995)). The court must consider the evidence, from both the plaintiff and the defendant, "in the light most favorable to the plaintiff and draw all reasonable inferences therefrom in the plaintiff's favor." *Id.* (citing *Mass. Sch. of Law*, 142 F.3d at 34).

For an out-of-state defendant to be subject to a court's jurisdiction in the forum state, the state's "long-arm" statute must be satisfied.[2] In Rhode Island, the question is whether the defendant has "certain minimum contacts with [Rhode Island] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Astro-Med, Inc.*, 591 F.3d at 9 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Such requirements ensure the defendant's

---

[2] Rhode Island's so-called "long-arm" statute provides, in relevant part, as follows: "(a) Every foreign corporation, every individual not a resident of this state or his or her executor or administrator, and every partnership or association, composed of any person or persons not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign corporations and such nonresident individuals or their executors or administrators, and such partnerships or associations amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States."
R.I. Gen. Laws Ann. § 9-5-33 (West 1956).

due process rights are protected.

In this case, Narcisi argues that Turtleboy is subject to specific, as opposed to general, personal jurisdiction. General jurisdiction is applicable to defendants with "continuous and systematic general business contacts" in the forum state. *Swiss Am. Bank,* 274 F.3d at 619. When general jurisdiction is unavailable, specific jurisdiction may apply when a defendant's particular or "individual contacts with the forum" are deemed sufficient. *Id.* at 620-21. To establish the "minimum contacts" necessary for exercising specific jurisdiction, three elements must be satisfied. First, the plaintiff's claim must "directly arise[] out of, or relate[] to, the defendant's forum-state activities." *Astro-Med, Inc.,* 591 F.3d at 9 (quoting *Northern Laminate Sales, Inc. v. Davis,* 403 F.3d 14, 25 (1st Cir. 2005)). Second, the defendant must have purposefully availed itself of the forum state by "invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *Id.* at 10 (quoting *N. Laminate Sales,* 403 F.3d at 25). Third, the exercise of jurisdiction over the defendant must be reasonable. *Id.* Overall reasonableness is determined based on the following factors: (1) the burden on the defendant to appear in the forum State; (2) "the forum State's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; (4) "efficient resolution of the controversy"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985); *N. Laminate Sales,* 403 F.3d at 26).

In this case, the issue at this stage is whether Narcisi has satisfied the prima

facie standard to enable this Court to exercise specific jurisdiction over Turtleboy, a Massachusetts Limited Liability Company with its principal place of business in Massachusetts, but operating a website accessible in Rhode Island.  In its Motion to Dismiss, Turtleboy argues that it has no contacts with the forum because it conducts no business in the state of Rhode Island, it does not target Rhode Island with its advertisements for revenue, and the story on its website focused on "Plaintiff's internet presence, not her home state." (ECF No. 10-2.)  Because its activity took place online, according to Turtleboy, Narcisi's libel claim did not "arise out of" Turtleboy's contacts with the forum.  Turtleboy further argues that it did not "purposefully avail" itself simply because the website's content is accessible in Rhode Island given that it did not "directly target" the forum. (ECF No. 10-2.)

In an effort to satisfy the minimum contacts requirements, Narcisi first asserts that Turtleboy is subject to specific jurisdiction in this forum because the effects and alleged injuries resulting from the online publication occurred in Rhode Island. (ECF No. 22.)  She also argues that Turtleboy's story targeted Rhode Island and that it would be foreseeable to Turtleboy that it could be brought into court in the forum. (ECF No. 22.)  Further, Narcisi contends jurisdiction would be reasonable because (1) appearing in court in Rhode Island would not be burdensome for a Massachusetts defendant, (2) Rhode Island has an interest in its citizens' ability to seek redress for injuries, (3) Narcisi brought suit in Rhode Island and has an interest in litigating in Rhode Island, (4) judicial economy would not be served by making Narcisi file a new lawsuit in Massachusetts, and (5) it is appropriate to allow defamation plaintiffs like

Narcisi to litigate in the state in which the defamation occurred. (ECF No. 22.)

The bulk of Narcisi's argument for exercising specific jurisdiction rests on the "effects test" developed by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), and applied as part of the "minimum contacts" analysis. The First Circuit has "recognized that *Calder's* 'effects' test was adopted 'for determining *purposeful availment* in the context of defamation cases.'" *Swiss Am. Bank*, 274 F.3d at 623 (quoting *Noonan v. Winston,* 135 F.3d 85, 90 (1st Cir. 1998)). In *Calder*, the defendants authored and edited an allegedly libelous article in Florida that circulated in California. 465 U.S. at 784-785. The publication in which the article appeared enjoyed its widest circulation in California, which was also where the plaintiff lived and worked in the entertainment industry. The Supreme Court held the defendant to be subject to jurisdiction in California because the defendants' "intentional, and allegedly tortious, actions were expressly aimed at the forum, and they knew it would have a potentially devastating impact there." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1204 (Fed. Cir. 2003) (quoting *Calder*, 465 U.S. at 789) (internal quotations omitted). Narcisi seeks to analogize Turtleboy's actions in this case to those by the defendants in *Calder*, alleging that Turtleboy aimed its story directly at Narcisi and Rhode Island knowing that the negative effects would be experienced in Rhode Island.

Taking the parties' arguments and facts alleged into account, the Court addresses the minimum contacts elements in turn to determine whether exercising specific jurisdiction over the defendant is appropriate here.

### A. Relatedness

The First Circuit has described the "relatedness" element for specific jurisdiction as having a "flexible, relaxed standard." *Pritzker v. Yari*, 42 F.3d 53, 61 (1st Cir. 1994). There is no requirement for the defendant to be "physically present in the forum state to cause injury . . . in the forum state." *N. Laminate Sales,* 403 F.3d at 25 (citing *Calder*, 465 U.S. at 789). Instead, "[t]o satisfy the relatedness prong, [the plaintiff] must show a nexus between its claims and [the defendant's] forum-based activities." *A Corp. v. All American Plumbing, Inc.*, 812 F.3d 54, 59 (1st Cir. 2016) (citing *Adelson v. Hananel*, 652 F.3d 75, 81 (1st Cir. 2011)). "The relatedness prong ensures fundamental fairness by protecting a defendant from being hauled into an out-of-state forum based on a single contact with that forum that is wholly unrelated to the suit at issue." *Swiss Am. Bank*, 274 F.3d at 623 (citing *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)).

Here, Narcisi alleges that her libel claim "arises" from Turtleboy's publication of an allegedly defamatory story available to people in Rhode Island on Turtleboy's website. Indeed, Turtleboy's website and the publication in question have been made available in the forum and have formed the basis of Narcisi's libel claim. The Plaintiff has satisfied the prima facie standard by demonstrating relatedness between the Defendant, the forum, and the claims asserted in the Complaint.

### B. Purposeful Availment

The Court must next consider whether Turtleboy has purposefully availed itself of the forum. With this step, the Court must focus on "voluntariness and

foreseeability." *N. Laminate Sales*, 403 F.3d at 25 (quoting *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir. 1995)). The question is whether it was foreseeable that the defendant "might be held accountable for its actions in a Rhode Island forum." *Astro-Med*, 591 F.3d at 10 (quoting *N. Laminate Sales*, 403 F.3d at 26). The First Circuit has held "in a variety of contexts, that the defendant's awareness of the location of the plaintiff is not, on its own, enough to create personal jurisdiction over a defendant." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir. 2008). "Jurisdiction cannot be created by and does not travel with the plaintiff . . . wherever she goes." *Id.* (quoting *Harlow v. Children's Hosp.*, 432 F.3d 50, 63 (1st Cir. 2005)).

Jurisdictional questions are further complicated in cases involving internet-based activities. In circumstances "involving interactions through a website that is operated from outside the forum state but that residents in that state can access, the focus of the [minimum contacts] analysis has been on the 'purposeful availment' requirement." *Media3 Technologies, LLC v. Cable South Media III*, 17 F.Supp 3d 107, 111 (D.Mass. 2014) (citations omitted). In cases involving defamation, courts have turned to the *Calder* effects test to analyze the purposeful availment element and evaluate the "defendant's intentionality." *Swiss Am. Bank*, 274 F.3d at 623 (citing *Noonan,* 135 F.3d at 90-91).

While the allegedly libelous content appeared on Turtleboy's website, Narcisi made no attempt to show that the content was intended to have an injurious effect in the forum. Narcisi has failed to articulate facts indicating that Turtleboy directed the publication at Rhode Island. Narcisi's allegation that her reputation was harmed,

8

and therefore the effects were felt, in Rhode Island is not sufficient to show purposeful availment under *Calder*.

The plaintiff has focused on the negative effects that she alleges but has failed to address the other elements that the Court considered important in *Calder*: that the defendants' actions were directed toward the forum and that the defendants recognized the publication would injure the plaintiff in the forum. *See Silent Drive, Inc.* 326 F.3d at 1204. Instead she relied on the fact that Rhode Island is both her residence and the setting for the allegedly libelous publication as grounds for this Court to assert jurisdiction over Turtleboy. The website may be accessed from anywhere in the world, including Rhode Island, but nothing in the pleadings suggest that Turtleboy's website is aimed at or enjoys specific contacts with Rhode Island. *See Broadvoice, Inc. v. TP Innovations, LLC*, 733 F.Supp.2d 219, 226-27 (D.Mass. 2010) (holding that defendant did not have sufficient minimum contacts with the forum because, among other things, the mere availability of a defamatory website in the forum was not enough to establish purposeful availment.) Therefore, it cannot be maintained that Turtleboy has purposefully availed itself of the forum.

### C. Overall Reasonableness

Where "the purposeful availment element is not met, the so-called 'Gestalt factors,' which are used to test due process considerations of fairness, need not be discussed" and the minimum contacts analysis ends. *Id.* at 227. Because the Court finds that Turtleboy has not purposefully availed itself of the forum, balancing the

reasonableness factors is not necessary and personal jurisdiction has not been established.

### III. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED** and the Complaint is **DISMISSED**.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

September 3, 2020